UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-60868-Civ-HUCK
MAGISTRATE JUDGE P.A. WHITE

WARREN TARVER,

    Petitioner,

v.

JULIE J. JONES,

    Respondent.
_____/

REPORT RE DISMISSAL
FOR FAILURE TO OBTAIN
AUTHORIZATION PURSUANT TO
28 U.S.C. §2244(b)(3)

## I. Introduction

Warren Tarver has filed this second, federal habeas corpus petition, pursuant to 28 U.S.C. §2254, challenging the constitutionality of his convictions and sentences entered following a jury verdict in Broward County Circuit Court, **case no. 95-12342CF10A.**

The case has been referred to the undersigned for consideration and report pursuant to 28 U.S.C. §636(b)(1)(B) and Rules 8 and 10 of the Rules Governing Section 2254 Cases in the United States District Courts. No order to show cause has been issued because the petitioner, as filed is subject to dismissal.

The undersigned has reviewed the instant federal habeas petition (DE#1), together with the petitioner's prior habeas petition filed with this court, case no. 07-60239-Civ-Huck which attacked the same conviction under attack here, together with state court records contained therein.

## II. Background and Procedural History

The petitioner was charged with and found guilty of five

counts of capital sexual battery upon a child less than twelve years of age, entered following a jury verdict.[1] (14cv60228:DE#s12-13,17). He was adjudicated guilty and sentenced to concurrent terms of life imprisonment on Counts 1 through 4, and a consecutive term of life imprisonment as to Count 5. (Id.). Petitioner's conviction was affirmed on direct appeal. Tarver v. State, 741 So.2d 551 (Fla. 4 DCA 1999). On **October 6, 1999**, the Florida Supreme Court dismissed as untimely petitioner's request for discretionary review. See Tarver v. State, 743 So.2d 15 (Fla. 1999)(table).

After state court post-conviction proceedings, petitioner came to this court, filing his first federal habeas corpus petition, raising ten grounds for relief in case no. 07-60239-Civ-Huck. The court entered a lengthy, 13-page order denying the petition on the merits. (07cv60239:DE#17). Petitioner's motion for certificate of appealability was denied by the Eleventh Circuit Court of Appeals because the petitioner had failed to make a substantial showing of the denial of a constitutional right. (07cv60239:DE#28).

Undeterred, petitioner has now returned to this court, signing and then mailing on **April 7, 2016**, as evidenced by the postage affixed to his envelope, this second, federal habeas petition, pursuant to 28 U.S.C. §2254. (16cv60868:DE#1). Absent evidence to the contrary, in accordance with the mailbox rule, it is presumed that the petitioner filed the petition on the date it was mailed, **April 7, 2016**.[2]

---

[1]The undersigned takes judicial notice of the prior §2254 petition filed with this court, Tarver v. State of Fla., 07-60239-Civ-Huck (S.D. Fla. 2007).

[2]"Under the prison mailbox rule, a *pro se* prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing." Williams v. McNeil, 557 F.3d 1287, 1290 n.2 (11th Cir. 2009); see Fed.R.App. 4(c)(1)("If an inmate confined in an institution files a notice of appeal in either a civil or a criminal case, the notice is timely if it is deposited in the institution's internal mail system on or before the last day for filing."). Unless there is evidence to the contrary, like prison logs or other records, a prisoner's motion

2

III. Discussion

Petitioner has filed the instant pro se pleading entitled, "Motion for Relief from Judgment," seeking relief pursuant to Fed.R.Civ.P. 60(b). As will be explained in detail below, the Clerk of Court properly opened the motion as one brought pursuant to §2254.

"Federal Rule of Civil Procedure 60 provides a basis, but only a limited basis, for a party to seek relief from a final judgment in a habeas case." Williams v. Chatman, 510 F.3d 1290, 1293 (11th Cir. 2007). See also Gonzalez v. Crosby, 545 U.S. 524, 125 S.Ct. 2641, 162 L.Ed.2d 480 (2005). The Eleventh Circuit has concluded that in a post-AEDPA case that every Rule 60(b) motion related to the denial of relief in a §2254 proceeding must be treated as a second or successive habeas petition and denied pursuant to §2244(b)(1), at least if the motion relates to a claim raised in the earlier §2254 petition, as the Rule 60(b) motion in that case did. See Mobley v. Head, 306 F.3d 1096, 1096 (11th Cir. 2002). See also Farris v. United States, 333 F.3d 1211, 1216 (11th Cir. 2003)(holding that successive petition rules of the Antiterrorism and Effective Death Penalty Act (AEDPA) were applicable to movant's motion seeking relief from judgment denying his motion to vacate, where movant, through motion for reconsideration, was moving to vacate his sentence, and he had previously filed a motion to vacate), citing, Mobley v. Head, 306 F.3d 1096.

While several other circuits have similarly concluded that a Rule 60(b) motion in a habeas case must always be treated as a

---

is deemed delivered to prison authorities on the day he signed it. See Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001); Adams v. United States, 173 F.3d 1339 (11th Cir. 1999) (prisoner's pleading is deemed filed when executed and delivered to prison authorities for mailing).

3

second or successive habeas petition under the AEDPA; see, e.g., Thompson v. Calderon, 151 F.3d 918, 921 (9th Cir.)(*en banc*)(reasoning that a Rule 60(b) motion filed after denial of an initial petition for habeas corpus raises concerns similar to those implicated by a second petition), cert. denied, 524 U.S. 965 (1998); Lopez v. Douglas, 141 F.3d 974, 975 (10th Cir. 1998)(per curiam); McQueen v. Scroggy, 99 F.3d 1302, 1335 (6th Cir. 1996), the Eleventh Circuit appears to be the leading proponent of this proposition. As observed by the First Circuit, "[i]n [the Eleventh Circuit] court's view, according Rule 60(b) its customary scope in habeas cases would allow prisoners to cloak collateral attacks in the raiment of motions for relief from judgment under Rule 60(b) and thereby evade the limitations that Congress so painstakingly crafted in the AEDPA." Rodwell v. Pepe, 324 F.3d 66, 70 (1st Cir. 2003), *citing*, Mobley, 306 F.3d at 1096; Felker v. Turpin, 101 F.3d 657, 661 (11th Cir.)(per curiam)(stating that "Rule 60(b) cannot be used to circumvent restraints on successive habeas petitions. That was true before the [AEDPA] was enacted, and it is equally true, if not more so, under the new act."), cert. denied, 519 U.S. 989 (1996). Accordingly, a district court may not ordinarily consider the merits of a habeas petitioner's Rule 60(b) motion absent an order from a three-judge appellate panel specifically granting the district court authorization to do so. 28 U.S.C. §2244(b)(3).

Careful review of the petitioner's motion reveals that he has not raised new grounds for §2254 relief, but he reargues positions previously taken and asserts that this Court should have ruled or considered differently. Thus, the Rule 60(b) motion is, in legal effect, a §2254 petition, and was opened as such by the Clerk. Petitioner filed a prior habeas petition pursuant to the provisions of 28 U.S.C. §2254 in which he challenged the constitutionality of his state court conviction in **case no. 07-60239-Civ-Huck**. The first petition was denied on the merits. Petitioner attempts to re-assert

4

claims raised in his prior §2254 petition, or raise new claims raised in the state forum thereafter. It is evident that petitioner is again seeking to challenge the same state court judgment of conviction on new or previously raised grounds. Section 28 U.S.C. §2244(b) provides in pertinent part:

> (b)(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
>
> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless --
>
> (A) the application shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.
>
> (3)(A) *Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.*
>
> (B) A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals....

(emphasis added).

Thus, in accordance with 28 U.S.C. §2244(b)(3)(A), "[B]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." See 28 U.S.C. §2244(b)(3)(A); Felker v. Turpin, 518 U.S. 651 (1996); In re Medina, 109 F.3d 1560 (11th Cir. 1997). "A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals" and may be granted "only if [the assigned panel of judges] determines that the application makes a *prima facie* showing that the application satisfies the requirements of [28 U.S.C. §2244(b)(2)]." See 28 U.S.C. §2244(b)(3)(B) and (C).

Although petitioner appears to challenge defects in the integrity of the habeas proceedings, no such defect has been established. Petitioner has not demonstrated any extraordinary circumstance that casts doubt on the earlier findings of this Court, which were not disturbed on appeal, that would justify relieving him from the effect of the final judgment(s) under Rule 60(b). See United States v. Flores, 981 F.2d 231, 237 (5th Cir. 1993).

Thus, there is nothing in the record to indicate a need to correct a clear error or to prevent a grave miscarriage of justice. See United States v. Beggerly, 524 U.S. 38, 47 (1998); Booker v. Dugger, 825 F.2d 281, 284 (11th Cir. 1987), cert. denied, 485 U.S. 1015 (1988). For similar reasons, petitioner is also not entitled to relief pursuant to Rule 60(d)(providing that no limitations period diminishes "a court's power to: (1) entertain an independent action to relieve a party from a judgment, order, or proceeding; [or] ... (3) set aside a judgment for fraud on the court."). Relief under Rule 60(d) is reserved for the rare and

6

exceptional case where a failure to act would result in a miscarriage of justice. Jeffus v. Attorney General for State of Fla., 2011 WL 2669147, *2 (M.D.Fla. 2011), *citing*, Sharpe v. United States, 2010 WL 2572636, *2 (E.D.Pa. 2010)(finding that while the filing was characterized as an independent action under Rule 60(d)(1), it was actually a successive habeas petition that was filed without the approval of the appellate court).

In conclusion, petitioner has again failed to make the requisite showing to warrant relief pursuant to Rule 60(b), 60(d), or otherwise. As such, the Rule 60(b) motion should be construed as a request to adjudicate a successive §2254 petition. "When a Rule 60(b) motion qualifies as a second or successive habeas petition as defined in *Gonzalez*, it must comply with the requirements for such petitions under the AEDPA." As petitioner is well-aware, to file a second or successive §2254 petition, the petitioner must first file an application with the appropriate court of appeals for an order authorizing the district court to consider it." See In re Joshua, 224 F.3d 1281 (11th Cir. 2000)("Federal prisoners seeking to file a second or successive motion to vacate, set aside, or correct a sentence must move the court of appeals for an order authorizing the district court to consider the second or successive motion."). Without authorization, this Court lacks jurisdiction to consider a successive petition.

Here, the instant federal petition challenges the legality of the same state court judgment that was the subject of petitioner's first §2254 action filed by him in **2007**. Furthermore, the **2007** habeas petition qualified as a first §2254 habeas corpus petition for purposes of determining successor status because it was denied on the merits.

Consequently, absent authorization from the Eleventh Circuit

7

to file a successive habeas petition, the district court lacks jurisdiction over this federal petition. See Taylor v. Cain, 533 U.S. 656, 661-62, 121 S.Ct. 2478, 2481-82, 150 L.Ed.2d 1257, 1258 (11th Cir. 2009). In this current federal habeas petition, petitioner does not allege that he obtained the requisite permission from the Eleventh Circuit Court of Appeals prior to filing this petition. This failing operates as a jurisdictional bar that precludes this district court's consideration of the merits of the instant petition. See 28 U.S.C. §2244(b)(3)(A); Fugate v. Dep't of Corrections, 310 F.3d 1287, 1288 (11th Cir. 2002). Therefore, the petition should be dismissed for lack of jurisdiction.

If the petitioner intends to pursue this case, he should forthwith apply to the United States Eleventh Circuit Court of Appeals for the authorization required by 28 U.S.C. §2244(b)(3)(A). See Cate v. Ayers, 2001 WL 1729214, *3 (E.D.Cal. 2001)(holding that the law is clear that a dismissal based on the statute of limitations is an adjudication on the merits of the claim). The petitioner will be provided with a form to apply for such authorization with this report.

Since the first petition was denied on the merits, rendering this second petition successive, any attempt by petitioner to obtain review on the merits of his attack on his conviction is for the Eleventh Circuit Court of Appeals to decide. Again, the petitioner must apply to the United States Eleventh Circuit Court of Appeals for the authorization required by 28 U.S.C. §2244(b)(3)(A) to do so.

### IV. Certificate of Appealability

As amended effective December 1, 2009, §2254 Rule 11(a) provides that "[t]he district court must issue or deny a

8

certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. §2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rules Governing §2254 Proceedings, Rule 11(b), 28 U.S.C. foll. §2254.

After review of the record, Petitioner is not entitled to a certificate of appealability. "A certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). To merit a certificate of appealability, Petitioner must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. Slack v. McDaniel, 529 U.S. 473, 478, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000). See also Eagle v. Linahan, 279 F.3d 926, 935 (11th Cir. 2001). Here, petitioner cannot satisfy the Slack test. Slack, 529 U.S. at 484.

As now provided by Rules Governing §2254 Proceedings, Rule 11(a), 28 U.S.C. foll. §2254: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

## V. Recommendation

It is recommended that this petition for habeas corpus relief be dismissed for lack of jurisdiction for failure of the petitioner to obtain from the Eleventh Circuit Court of Appeals the

9

authorization required by 28 U.S.C. §2244(b)(3) with regard to the challenges to his convictions and sentences; that no certificate of appealability issue; and, that this case be closed.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report.

SIGNED this 25th day of April, 2016.

_____
UNITED STATES MAGISTRATE JUDGE


cc:   Warren Tarver, Pro Se
      DC#L13572
      South Bay Correctional Facility
      Inmate Mail/Parcels
      P.O. Box 7171
      South Bay, FL 33493

      Noticing 2254 SAG Broward and North
      Email: CrimAppWPB@MyFloridaLegal.com